```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
S.S. et al.,                                                :
                                                            :
                              Plaintiffs,                   :
                                                            :                20-cv-9394 (VSB)
              -against-                                     :
                                                            :                    ORDER
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION,                                                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/21

<u>VERNON S. BRODERICK, United States District Judge</u>:

On July 16, 2021, after the order to show cause ("OTSC") hearing in this case, I directed the parties to submit a proposed stipulation agreed to by the parties or, if the parties were unable to agree about language in a proposed stipulation, a filing with separate proposed stipulations and the parties' arguments for their positions. (Doc. 26.) The parties submitted a joint filing on July 26, 2021, with the following: (1) a letter explaining that the parties could not agree on language in a proposed stipulation, and which outlined the disagreements between the parties, (Doc. 29), (2) Plaintiff's proposed stipulation, (Doc. 29-1), Defendant New York City Department of Education's ("Defendant" or "DOE") proposed stipulation, (Doc. 29-2), and (4) a copy of the administrative decision issued by Impartial Hearing Officer ("IHO") Diane Cohen on July 16, 2021 (the "Cohen FOFD") (Doc. 29-3). In their joint letter, the parties identify four disputes. I will address each in turn.

First, I agree with DOE that I should not incorporate Cohen FOFD in the stipulation I ultimately sign at this time. "Once a pendency placement has been established, the regulations provide that it can only be changed in one of four ways: (1) by an agreement of the parties; (2)

by an unappealed administrative decision; (3) by a decision of a state review officer [("SRO"] that agrees with the child's parents that a change in placement is appropriate; or (4) by determination by a court on appeal from an SRO's decision." *Student X. v. N.Y.C. Dep't of Educ.*, No. 07-CV-2316 (NGG)(RER), 2008 WL 4890440, at *20 (E.D.N.Y. Oct. 30, 2008); *see also N.Y.C. Dep't of Educ. v. S.A. ex rel. N.A.*, No. 12 Civ. 1108(DLC), 2012 WL 6028938, at *1 (S.D.N.Y. Dec. 4, 2012) ("a state must continue to fund the child's last agreed-upon placement unless and until a new placement is established, *inter alia,* by an unappealed administrative decision upholding the appropriateness of a change of placement, or by a court."). Here, it appears that none of these four events that would prompt a "pendency changing event" have happened. (Doc. 29, at 3.) There is no agreement between the parties. DOE represents that it "intends to appeal the Cohen FOFD," and indeed the parties indicate that there is already a briefing schedule and an October 8, 2021 deadline in place for the SRO to make its decision. (*Id.*) There is no decision from an SRO or a court reviewing any SRO decision on appeal. As such, I believe that the prevailing decision at issue is the February 4, 2019 administrative decision (the "Ajello FOFD") that the parties agreed was in effect at the OTSC hearing and which Plaintiff seeks to enforce in the emergency application at issue.

Plaintiff appears to acknowledge that the Cohen FOFD is not yet binding. (*Id.* at 2 (stating that the Cohen FOFD "becomes binding, thus changing pendency" only when "either the SRO (or if appealed, a higher court) affirms it or the DOE ultimately chooses to abandon its . . . appeal.").) Instead, Plaintiff, in effect, asks me to pre-judge the outcome of DOE's appeal, stating that the appeal is "frivolous" and accusing DOE of filing its appeal for purposes of delay. (*Id.* at 2–3.) While I note that the Cohen FOFD is rather unsparing with regard to DOE's participation at the administrative proceeding before IHO Cohen—stating that "DOE did not

present a case," "make an opening statement," "submit any evidence," cross-examine Plaintiff's witnesses, or meaningfully "object to the relief requested," (Doc. 29-3, at 2)—I am not authorized to circumvent the appeal process or make a decision that is contrary to the law of this Circuit.  Finally, I will not pre-judge DOE's appeal, which DOE represents is made in good faith. (Doc. 29, at 3.)  In any event, the appropriate forum for Plaintiff to argue that the appeal is frivolous is before the SRO.  As such, the Cohen FOFD should not be included in any stipulation I sign at this time.

      Second, I will not include Plaintiff's paragraph 3 in any stipulation I sign at this time. Plaintiff requests that I include language obligating DOE to ensure that the teacher providing services to Plaintiff's child, T.S-W, "shall be certified . . . to teach special education students of the same age and grade level as T.S-W." (Doc. 29-1 ¶ 3.)  Plaintiff argues that federal and state laws compel this requirement, while DOE disagrees.  (Doc. 29, at 4.)  This dispute, however, is not properly before me.  This stipulation is related to Plaintiff's motion for enforcement of an automatic injunction to enforce the Ajello FOFD during the pendency of Case Number 197120. (Doc. 20.)  At the OTSC hearing in this case, the parties agreed that DOE was obligated to provide the full complement of services provided for in the Ajello FOFD.  Yet, I do not see anything explicit—and Plaintiff does not identify anything—in the Ajello FOFD that requires the language that Plaintiff seeks here.  To the extent Plaintiff asks me to go beyond his requested relief, or beyond what is provided for in the Ajello FOFD, Plaintiff would need to make a separate application.  Even then, I would need greater clarity on whether I have jurisdiction to provide a ruling on these issues while Plaintiff's administrative case remains outstanding.

      Third, I agree with DOE that the language provided in Plaintiff's proposed stipulation paragraphs 5-7, (Doc. 29-1, at 7), and DOE's proposed stipulation paragraphs 4-6, (Doc. 29-2, at

5), should track the Ajello FOFD.  Fourth, in light of the fact that I see no meaningful distinction between the parties' preferred language in Paragraph 11, I adopt DOE's approach given that this is the standard language used in DOE stipulations.

Accordingly, it is hereby:

ORDERED that the parties are directed to submit a joint revised proposed stipulation consistent with the above rulings on or before July 30, 2021.  I will indicate next steps in this litigation upon signing any stipulation.

SO ORDERED.

Dated: July 28, 2021
       New York, New York

                                              Vernon S. Broderick
                                              United States District Judge