UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

S.S., individually and on behalf of the minor child, T.S.-W.,

Plaintiff,

– against –

New York City Department of Education,

Defendant.

---------------------------------------------------------------------X

**STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(a)(1)(A)(ii)**

20-cv-9394 (VSB)(JW)
23-cv-1134 (VSB)(JW)

**WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any faulty or liability;

**NOW** the parties agree that jurisdiction shall remain with this Court to enforce the terms of this annexed Stipulation of Settlement, provided that at least THIRTY (30) days prior to invoking the Court's jurisdiction under this paragraph, the moving Party's counsel shall: (i) provide written notice to opposing counsel of the specific nature of the issue and the relief that would be sought; and (ii) meet and confer with opposing counsel with the good faith intent to provide reasonable time for the opposing Party to come into compliance without the Court's intervention. Plaintiff can apply to seek reasonable attorneys' fees, if any, necessary to obtain the Court's enforcement of this Stipulation of Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that the above-referenced actions are hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii).

Dated: New York, New York
November 19 , 2024

**Cuddy Law Firm, PLLC**
*Attorney for Plaintiff*
5693 South Street Road
Auburn, NY 13021
(315) 370-2040
BKopp@cuddylawfirm.com

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street, 2nd Fl
New York, New York 10007
(212) 356-0418
TLindema@law.nyc.gov

By: ______________________
Benjamin M. Kopp, Esq.

By: Thomas Lindeman
Thomas Lindeman, Esq.
Assistant Corporation Counsel

SO ORDERED.

______________________ Dated: November 21, 2024
Vernon S. Broderick New York, New York
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

S.S., individually and on behalf of the child, T.S.-W.,

Plaintiff,

– against –

New York City Department of Education,

Defendant.

-----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

20-cv-9394 (VSB)(JW)
23-cv-1134 (VSB)(JW)

**WHEREAS** Plaintiff, S.S., ("Plaintiff"), individually and on behalf of, T.S.-W., commenced administrative proceedings pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, concerning T.S.-W.'s 2016-17, 2017-18, 2018-19, 2019-20, 2020-21, 2021-22 and 2022-23 school years, which were designated Impartial Hearing ("IH") Case Nos. 176049, 197120, 211163 and 245834, and SRO Case Nos. 21-178 and 22-114;

**WHEREAS** after a hearing on the merits, an IH Officer issued a decision on February 4, 2019 regarding IH Case No. 176049;

**WHEREAS** after a hearing on the merits, an IH Officer issued a decision on July 16, 2021 regarding IH Case No. 197120;

**WHEREAS** a State Review Officer issued a decision on September 24, 2021 regarding SRO Case No. 21-178;

**WHEREAS** after a hearing on the merits, an IH Officer issued decision on August 3, 2022 regarding IH Case No. 211163;

**WHEREAS** a State Review Officer issued a decision on October 12, 2022 regarding SRO Case No. 22-114;

**WHEREAS** after a hearing on the merits, an IH Officer issued decision on October 23, 2023 regarding IH Case No.245834;

**WHEREAS** on November 10, 2020, Plaintiff commenced *S.S. et al. v. N.Y.C. Dep't of Educ.,* 20-cv-9394(VSB)(JW) against Defendant New York City Department of Education ("Defendant") seeking, *inter alia* attorneys' fees incurred in the administrative actions and the federal action;

**WHEREAS** on February 2, 2023, Plaintiff commenced *S.S. et al. v. N.Y.C. Dep't of Educ.,* 23-cv-1134(VSB)(JW) against Defendant New York City Department of Education ("Defendant") seeking, *inter alia* attorneys' fees incurred in the administrative actions and the federal action;

**WHEREAS** Defendant denies any and all liability arising out of Plaintiff's allegations in this action; and

**WHEREAS** Plaintiff and Defendant (collectively, the "Parties") now desire to resolve the issues of attorneys' fees and related costs and expenses arising out of IH Case Nos. 176049, 197120, 211163 and 245834, SRO Case Nos. 21-178, 22-114 and these federal actions without further proceedings, on terms and conditions that are just and fair to the Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. In consideration of payment of the sum set forth in paragraph "2" below, this action is hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), without fees, costs, or expenses in excess of the amount specified in paragraph "2".

2. The City of New York shall pay ONE HUNDRED SIXTY THOUSAND DOLLARS AND ZERO CENTS ($160,000.00) in full satisfaction of all

claims for attorneys' fees, costs, and expenses, incurred or accrued in connection with school years 2016-17, 2017-18, 2018-19, 2019-20, 2020-21, 2021-22 and 2022-23, including IH Case Nos. 197120, 211163 and 245834 and the instant federal action.

3. Payment of the amount specified in paragraph "2" will be made by check payable to "Cuddy Law Firm, P.L.L.C." and mailed to Plaintiff's attorneys, Cuddy Law Firm, PLLC, c/o Benjamin Kopp, Esq.

4. In consideration of the payment of the amount specified in paragraph "2," Plaintiff and Cuddy Law Firm, PLLC, agree to the dismissal of all claims against Defendant, and to hereby release and discharge Defendant and the City of New York, and their successors and assigns, and all past and present officials, employees, departments, agencies, representatives, directors, and agents of the City of New York and Defendant from any and all liability, claims, and/or rights of action arising from or relating to any claims that Plaintiff or Cuddy Law Firm, PLLC, may have for costs, expenses, and/or attorneys' fees incurred or accrued in connection with school years 2016-17, 2017-18, 2018-19, 2019-20, 2020-21, 2021-22 and 2022-23, including IH Case Nos. 197120, 211163 and 245834, SRO Case Nos. 21-178, 22-114 and the instant federal actions.

5. Upon execution of this Stipulation and Order, Plaintiff and Cuddy Law Firm, PLLC, shall each execute separate Releases based upon the terms of paragraphs "2" through "4" above, Cuddy Law Firm, PLLC, shall complete a substitute W-9 form, and Cuddy Law Firm, PLLC, shall promptly provide these Releases and the substitute W-9 form to Defendant's undersigned counsel.

6. Payment of the amount specified in paragraph "2" is conditioned upon delivery of all documents reasonably necessary to effectuate this Stipulation and Order as

described in paragraph "5".

7. The Parties agree that jurisdiction shall remain with this Court to enforce the terms of this Stipulation of Settlement, provided that at least THIRTY (30) days prior to invoking the Court's jurisdiction under this paragraph, the moving Party's counsel shall: (i) provide written notice to opposing counsel of the specific nature of the issue and relief that would be sought; and (ii) meet and confer with opposing counsel with the good faith intent to provide reasonable time for the opposing Party to come into compliance without the Court's intervention. Plaintiff can apply to seek reasonable attorneys' fees, if any, necessary to obtain this Court's enforcement of this Stipulation of Settlement.

8. Nothing contained herein shall be deemed to be an admission by Defendant that it has in any manner or way violated either Plaintiff's rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or Defendant, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or Defendant.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or Defendant.

10. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms.

11. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties hereto, or to vary the terms and

conditions contained herein, except for the March 22, 2024 Stipulation and Order (20-cv-9394 ECF No. 99 and 23-cv-1134 ECF No. 49) which remains in effect and unamended.

12. Nothing contained herein shall be deemed to be an agreement or admission by Defendant or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiff's counsel.

13. The Stipulation and Order is final and binding on all Parties, as well as their successors and assigns.

14. This document may be executed in subparts, and, whether or not it is executed in subparts, a signature received by facsimile or electronic mail shall have the same force and effect as an original signature.

Dated: New York, New York
November 19, 2024

**Cuddy Law Firm, PLLC**
*Attorney for Plaintiff*
5693 South Street Road
Auburn, NY 13021
(315) 370-4020
BKopp@cuddylawfirm.com

By: ______________________
Benjamin M. Kopp, Esq.

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street, 2nd Fl
New York, New York 10007
(212) 356-0418
TLindema@law.nyc.gov

By: Thomas Lindeman
Thomas Lindeman, Esq.